UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAN BENNETT and KAREN BENNETT, | ) ) ) | |
| Plaintiffs, | ) ) | No. 3:08-cv-01212 |
| v. | ) ) | |
| CMH HOMES, INC. d/b/a LUV NASHVILLE, | ) ) ) | JUDGE SHARP MAGISTRATE JUDGE BROWN |
| Defendant. | ) ) | |

# MEMORANDUM

On March 11, 2009, the Hon. Robert L. Echols denied CMH Homes, Inc. and Southern Energy Homes, Inc.'s motion to dismiss or compel arbitration and stay litigation. (Docket Entry No. 18.) On May 31, 2011, the case was reassigned to this department. (Docket Entry No. 69.) On March 13, 2012, the Court granted Southern Energy Homes's motion for summary judgment in its entirety and dismissed Southern Energy Homes as a defendant from the case. (Docket Entry No. 119.) The Court also granted CMH Energy Homes's ("Defendant") motion for summary judgment in part, including Dan and Karen Bennett's ("Plaintiffs") claim for intentional misrepresentation. (*Id.*) The case is currently set for a jury trial to begin on July 31, 2012.

On April 11, 2012, Plaintiffs filed a motion to alter or amend the summary judgment awarded to Defendant on Plaintiffs' cause of action for intentional misrepresentation (Docket Entry No. 123), to which Defendant filed a response (Docket Entry No. 125). On May 1, 2012, more than three years after Judge Echols originally rendered his decision, Defendant moved for

1

reconsideration of the order denying its motion to compel arbitration (Docket Entry No. 126), to which Plaintiffs filed a response (Docket Entry No. 128). The Court will deny both motions.

## PLAINTIFFS' MOTION TO ALTER OR AMEND

In granting Defendant's motion for summary judgment on the intentional misrepresentation claim, the Court held that Defendant's sales representative made non-actionable statements of opinion that a manufactured home would be more durable and of a higher quality than a conventionally built home and that Plaintiffs' home would have a higher-quality roof than other manufactured homes. (*See* Docket Entry No. 118 (Memorandum Opinion), at 12-14.) The Court based its conclusion on an analysis of Tennessee law and comparable legal principles from other jurisdictions. Pursuant to Federal Rule of Civil Procedure 59, Plaintiffs ask the Court to amend the summary judgment order and reinstate the intentional misrepresentation claim.

To prevail on a Rule 59(e) motion to alter or amend a judgment, Plaintiffs must show "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Cons. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)). While Plaintiffs' motion cites Rule 59, it does not identify which of these four criteria applies to the Court's summary judgment decision. Instead, in their "Standard of Review," Plaintiffs recite the summary judgment standard. To the extent that Plaintiffs are contending for de novo review, a Rule 59(e) motion is the procedurally incorrect vehicle. *See Henderson*, 469 F.3d at 496. Instead, where a moving party is "'offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.'" *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (quoting *Keweenaw Bay Indian Cmty.*

2

*v. State of Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992)). Here, because Plaintiffs renew the arguments they made on summary judgment (including reliance on the same authority without raising any new controlling law), the Court will deny Plaintiffs' motion to alter or amend the summary judgment order. Plaintiffs will remain free to challenge that decision on appeal at the appropriate time.

## **DEFENDANT'S MOTION FOR RECONSIDERATION**

In denying Defendant's motion to compel arbitration, Judge Echols held that the Retailer Closing Agreement between Plaintiffs and Defendant was an unconscionable adhesion contract. (Docket Entry No. 18, at 5.) Judge Echols's opinion set forth a number of reasons for declaring the agreement unconscionable. (1) In requiring Plaintiffs to submit all claims to arbitration while reserving Defendant's right to use judicial process to recover the manufactured home or any debt from the Plaintiffs, the Retailer Closing Agreement resembled an arbitration agreement that the Tennessee Supreme Court struck down in *Taylor v. Butler*, 142 S.W.3d 277 (Tenn. 2004). (2) The arbitration agreement was made for the benefit of the manufacturer (Southern Energy Homes), in addition to Defendant. (3) In the context of a complicated construction dispute that might involve numerous expert witnesses, the agreement limited discovery to one deposition of a fact witness and one deposition of an opposing party's expert. (4) Defendants' waiver of the right to trial may be illusory in the instances where Defendants had reserved the right to use judicial process. (5) The requirement that Plaintiffs pay their own arbitration costs ran contrary to prevailing-party provisions in state and federal laws. (*Id.* at 5-6.) Because the Retailer Closing Agreement contained no severability clause, Judge Echols followed *Taylor* and struck down the entire agreement. (*Id.* at 7.) Pursuant to Federal Rule of Procedure 54(b), Defendant

3

asks the Court to reconsider Judge Echols' decision and compel arbitration of the remaining claims.

Rule 54(b) gives the court authority "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). To adjudicate a motion for reconsideration, courts within the Sixth Circuit apply factors similar, if not identical, to the standards for a motion to alter or amend a judgment. *See Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959).

Also relevant to Defendant's motion is the procedural posture of the case, *i.e.*, the fact that Judge Echols rendered the decision that Defendant challenges. This Court previously discussed the applicable factors when the motion for reconsideration targets the decision of another judge in *Jones v. United States*, 789 F. Supp. 2d 883, 894 (M.D. Tenn. 2011):

> The undersigned is not writing on a *tabula rasa,* and proper deference must be given to the decision rendered by Judge [Echols] since "the law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern,'" unless exceptional circumstances exist, such as where the earlier decision was plainly erroneous. *Westside Mothers v. Olszewski,* 454 F.3d 532, 548 (6th Cir. 2006). This salutary rule takes on an added layer where a case is transferred to a successor judge because while "a successor judge has the same discretion to reconsider an order as would the first judge," the successor judge "should not overrule the earlier judge's order or judgment merely because the later judge might have decided matters differently." *In re Ford Motor Co.,* 591 F.3d 406, 411 (5th Cir. 2009). "The question of what circumstances justify revisiting a ruling previously made by a judge of coordinate jurisdiction is case specific," but guided by the following principles:
>
>> First, reconsideration is proper if the initial ruling was made on an inadequate record or was designed to be preliminary or tentative. . . . Second, reconsideration may be warranted if there has been a material change in controlling law. . . . Third, reconsideration may be undertaken if newly discovered evidence bears on the question. . . . Lastly, reconsideration may be

4

> appropriate to avoid manifest injustice. . . . In that regard, however, neither doubt about the correctness of a predecessor judge's rulings nor a belief that the litigant may be able to make a more convincing argument the second time around will suffice to justify reconsideration. . . . For this purpose, there is a meaningful difference between an arguably erroneous ruling (which does not justify revisitation by a co-equal successor judge) and an unreasonable ruling that paves the way for a manifestly unjust result.
>
> *Ellis v. United States,* 313 F.3d 636, 647 (1st Cir. 2002) (internal citations collecting numerous authorities from various circuits omitted).

Defendant's arguments for reconsideration essentially fall into two main categories. First, another department of this Court, also citing the *Taylor* decision, enforced the arbitration provision of Defendant's Retailer Closing Agreement in a different case. However, that case is not sufficient to reverse the outcome here.[1] A different decision by another district court, "while worthy of due consideration, [is] also not controlling and, at most, show[s] that [a] federal district judge[] sitting in Tennessee reached a decision different from that reached by Judge [Echols]." *Jones*, 789 F. Supp. 2d at 894.

Second, Defendant contends many of the concerns that caused Judge Echols to find the agreement unconscionable—*e.g.*, the limits on discovery, benefit to Southern Energy Homes—no longer apply because of subsequent developments in the case. This section of Defendant's brief is conspicuously lacking in any citation to legal authority. Defendant is arguing for a novel, legally unsubstantiated proposition that changes in factual circumstances over the lifetime of a case warrant a reversal of a determination relatively early in the case that an arbitration agreement is invalid and unenforceable in its entirety. Judge Echols made a final decision on an

---

[1] This decision from another department was handed down in March 2009, the same month that Judge Echols rendered his order in this case. Defendant does not explain why it waited more than three years to lift up the other decision, instead of bringing it promptly to Judge Echols' attention before the parties engaged in extensive discovery and comprehensive summary judgment practice.

5

adequate record to strike the agreement, and there is no manifest injustice in continuing to adhere to that decision. The Court will deny Defendant's motion for reconsideration.

## **CONCLUSION**

For all of the reasons stated, Dan and Karen Bennett's Motion to Alter or Amend the Judgment (Docket Entry No. 123) and CMH Homes's Motion for Reconsideration (Docket Entry No. 126) will be denied. The parties shall comply with the deadlines set forth in the Court's June 21, 2012 Order. (Docket Entry No. 129.)

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE